**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 22-2727-JFW(GJSx)** | Date:  October 11, 2022 |
| Title: | River Wuhai, LLC, et al. -v- E.O.A. Management Group, LLC, et al. | |

**PRESENT:**

   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

    On April 25, 2022, Plaintiffs River Wuhai LLC ("River Wuhai") and 9 Kings Creative Capital Ltd ("9 Kings") (collectively, "Plaintiffs") filed a Complaint in this Court against Defendants Nicole Parke ("Parke") and E.O.A. Management Group, LLC ("EOA"), Aequitas Healthcare, LLC ("Aequitas"), and Rishi Raj Tejuja ("Tejuja"), alleging that the Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332(a).  However, Plaintiff has not adequately alleged the facts essential for the subject matter jurisdiction of this Court.  *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001) (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)) ("'A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction . . .'").

    Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332(a).  A limited liability company is a citizen of every state of which its members are citizens.  *See*, *e.g., Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); *see also Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 569 (2004) ("[A] partnership . . . is a citizen of each State or foreign country of which any of its partners is a citizen"); *Tele Munchen Fernseh GMBH& Co. Produktionsgesellschaft v. Alliance Atlantis Intern. Distr., LLC,* 2013 WL 6055328 (C.D. Cal. Nov. 15, 2013) (holding that "[a]s a limited liability company, Tele Munchen's principal place of business is irrelevant for purposes of diversity jurisdiction" where Tele Munchen's complaint and the defendants' notice of removal both alleged that Tele Munchen was a limited liability company formed under the laws of the Republic of Germany, with its principal place of business in Munich, Germany).  In this case, Plaintiffs allege that River Wuhai, Aequitas, and EOA are limited liability companies, but fail to allege who the members of each limited liability company

are or the citizenship of those members. Therefore, Plaintiffs' allegations are insufficient to establish citizenship of River Wuhai, Aequitas, or EOA.

In addition, although a "traditional" trust takes on the citizenship of its trustee, to determine the citizenship of a business trust, a real estate investment trust, or any other type of increasingly common artificial business entity calling itself a "trust," the Supreme Court has said that courts should "adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of '[its] members.'" *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 381 (2016) (*quoting Carden v. Arkoma Assocs*., 494 U.S. 185, 195 (1990)). In the case of such entities, "members" may be "shareholders," "owners," or "the several persons composing such association." *Id*. However, Plaintiffs failed to allege the members of 9 Kings, which Plaintiffs allege "is a trust domiciled in Hong Kong, with its principal place of business at Unit F, 14/F, Golden Sun Centre, 59-67 Bonham Strand West, Sheung Wan, Hong Kong. Complaint, ¶ 7. Therefore, Plaintiffs' allegations are insufficient to establish the citizenship of 9 Kings.

Moreover, Plaintiffs allege Parke's, EOA's, Aequitas's, and Tejuja's citizenship on "information and belief." Complaint, ¶¶ 9-12. Jurisdictional allegations based on information and belief are insufficient to confer jurisdiction. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."); *America's Best Inns, Inc*., 980 F.2d at 1074 (holding that allegations based on "to the best of my knowledge and belief" are insufficient); *see, also, Bradford v. Mitchell Bros. Truck Lines*, 217 F.Supp. 525, 527 (N.D. Cal. 1963). Therefore, Plaintiffs have failed to demonstrate that complete diversity exists.

Accordingly, Plaintiffs are hereby ordered to show cause, in writing, no later than **October 14, 2022**, why this action should not be dismissed for lack of subject matter jurisdiction. No oral argument on this matter will be heard unless otherwise ordered by the Court. *See* Fed. R. Civ. P. 78; Local Rule 7-15. The Order will stand submitted upon the filing of the response to the Order to Show Cause. If Plaintiff files an amended complaint which corrects the jurisdictional defects noted above on or before **October 14, 2022**, the Court will consider that a satisfactory response to the Order to Show Cause. Failure to respond to the Order to Show Cause will result in the dismissal of this action for lack of subject matter jurisdiction.

IT IS SO ORDERED.